DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| The City of Kent, Ohio, | ) | |
| | ) | CASE NO. 5:07 CV 2332 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Farris Disposal, Inc., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Three of the defendants removed this action from the Portage County Court of Common Pleas on July 31, 2007, asserting jurisdiction under 28 U.S.C. §§ 1441(a) and (b).  See Doc. No. 1.

Section 1441 provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The party seeking removal bears the burden of demonstrating that the Court has jurisdiction.  Eastman v. Marine Mechanical Corp., 438 F.3d 544, 549 (6th Cir. 2006).  Any

(5:07 CV 2332)

doubt as to whether removal is proper must be resolved in favor of remand.  Coyne v. American Tobacco Co., 183 F.3d 488, 492 (6th Cir. 1999).

Whether an action arises under federal law is determined by reference to plaintiff's well-pleaded complaint.  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).  The existence of a federal defense will not bring a plaintiff's state-law claim within the Court's federal question jurisdiction.  Id.; Oklahoma Tax Com'n v. Graham, 489 U.S. 838 (1989).  This is so even if the defense is anticipated by the well-pleaded complaint and the parties agree that the federal defense is the only matter truly at issue.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987); Rivet v. Regions Bank of Louisiana, 522 U.S. 470 (1998).  Nor is it sufficient for the federal question to enter the case as a counterclaim asserted by the defendant.  See, e.g., General Elec. Capital Auto Lease, Inc. v. Mires, 788 F.Supp. 948 (E.D.Mich. 1992).

This Court has a continuing obligation to examine the basis of subject matter jurisdiction to satisfy itself that jurisdiction to entertain an action exists.  Nationwide Mut. Ins. Co. v. Cisneros, 52 F.3d 1351, 1361 (6th Cir. 1995).  In removal actions, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to the state court] ."  28 U.S.C. § 1447(c).  "Unlike other issues not involving the merits of a case, subject matter jurisdiction may be raised at any time, by any party or even *sua sponte* by the court itself."  Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir. 1992); accord Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  Jurisdiction

2

(5:07 CV 2332)

may not be presumed and may not be gained by consent, inaction, or stipulation. <u>Sweeton v. Brown</u>, 27 F.3d 1162, 1168 (6th Cir. 1994).

In the Notice of Removal, defendants did not identify what part of plaintiff's well-pleaded complaint would form the basis for federal question jurisdiction.[1] They merely asserted jurisdiction under § 1441. While it is true that both the Answer and the Amended Answer contain defenses and counterclaims asserting federal claims, this cannot support removal.

Accordingly, finding no subject matter jurisdiction, the Court *sua sponte* orders that the above-captioned case be REMANDED pursuant to 28 U.S.C. § 1447(c) to the Court of Common Pleas, Portage County.

IT IS SO ORDERED.


  August 17, 2007                      *s/ David D. Dowd, Jr.*
Date                                   David D. Dowd, Jr.
                                          U.S. District Judge

---

[1] Since all of the parties are Ohio residents, there clearly is no diversity jurisdiction.